# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALVIN ELTON CORLEY | CIVIL ACTION |
| VERSUS | 17-535-SDD-RLB |
| GULFSTREAM PROPERTY AND CASUALTY INSURANCE COMPANY | |

## RULING ON MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT TOMMY TOMPKINS

Before the Court is the *Motion to Exclude the Testimony of Plaintiffs' Expert Tommy Tompkins*[1] ("*Motion*") filed by defendant Gulfstream Property and Casualty Insurance Company ("Gulfstream" or "Defendant").[2] The *Motion* is opposed by Plaintiffs in the consolidated cases ("Plaintiffs").[3] Gulfstream filed a *Reply*.[4] The Court does not require oral argument. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the Parties, and, for the following reasons, the *Motion* is denied.

## I. BACKGROUND

The captioned matter, and those consolidated herewith for discovery purposes,[5] are but a few of the thousands of cases filed as the result of property damages alleged to

---

[1] Rec. Doc. 69.
[2] The subject *Motion* and this Court's instant *Ruling* applies to the matters consolidated for discovery purposes with the captioned matter, *See* Rec. Doc. 4.
[3] Rec. Doc. 70.
[4] Rec. Doc. 73.
[5] Rec. Doc. 4.

have resulted from an epic rain event which caused widespread flooding in areas in Baton Rouge and surrounding areas between August 13 and 15, 2016 ("Flood").

Gulfstream moves to exclude opinion testimony from the Plaintiff's loss expert Tommy Tompkins ("Tompkins"). Gulfstream's Motion is virtually identical to the Motion *in Limine* filed by Allstate Insurance Company in cases which present common questions of fact and law and which arise out of the Flood.[6] Another division of this Court has recently denied an identical Motion *in Limine* to exclude Tompkins.[7] For similar reasons, this Court reaches the same conclusion.

Gulfstream, like Allstate, argues that Tompkins is not qualified to render the opinions he has given; that Tompkins' opinions lack a sufficient foundation to render them reliable; that Tompkins' methodology fails to meet the *Daubert*[8] standard; and that Tompkins' reports fail to satisfy the mandatory disclosure requirements proscribed by Federal Rule of Civil Procedure 26(a)(2)(B). The Court adopts the well-reasoned opinion of Judge deGravelles in *Albert Anderson vs Allstate Insurance Company*[9] and offers the following additional observations and rationale.

## II. EXPERT QUALIFICATIONS

Gulfstream argues that Tompkins lack the credentials and qualifications to provide expert opinions, pointing out, *inter alia*, that by education Tompkins holds a GED and that he lacks skill, experience or training as plumber, contractor, electrician, engineer, or water mitigation expert. The plain language of FRE 702 contemplates that an expert may be qualified by "knowledge, skill, experience, training or education." The Court finds that

---

[6] *See* Civil Action 17cv00597-JWD-SJD, Rec Doc. 194.
[7] *See* Civil Action 17cv00597-JWD-SJD, Rec Doc. 218.
[8] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).
[9] Civil Action 17cv00597-JWD-SJD, Rec. Doc. 218.

Tompkins is qualified to render opinion testimony on loss adjustment by virtue of his designation as a "NFIP Authorized Adjuster who maintains a Flood Control Number (FCN) issued by the NFIP Bureau & Statistical Agent on behalf of FEMA,"[10] 19 years' experience adjusting residential property claims, including floods, his experience of handling approximately 2500 claims as a field adjuster, and 1,500 claims as an inside desk adjuster.[11]

### III. FOUNDATION OF OPINIONS AND METHODOLOGY

The gravamen of Gulfstream's argument is that Tompkins' opinions are unreliable because his reports are cookie-cutter, and his opinions are not supported by site inspections and fail to account for repairs that have been made. Notably, these cases are set for bench trials. As such, the dangers of juror confusion are not present. The Court can discern and credit evidence of repairs that have been made. Likewise, the Court can evaluate the claim file materials relied upon by the insurer's adjusters and Tompkins for applicability and relevance to the loss in question. This Court agrees with Judge deGravelles' well-reasoned finding that:

> Experts are entitled to rely on information obtained from third parties under Fed. R. Evid. 703 as long as it is "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject[.]" (*Id.* (quoting Fed. R. Evid. 703)(other citations omitted).[12]
>
> * * *
>
> Tompkins was not required to inspect the properties in order to give his opinions and may base his opinions on the data found in Allstate's claims file and the original adjuster's notes, measurements, photographs and the like.[13]

---

[10] Rec Doc. 70.
[11] *Id.*
[12] Civil Action 17cv00597-JWD-SJD, Rec. Doc. 218, p. 9.
[13] *Id.* at p. 25.

## IV. REQUIREMENTS OF RULE 26(a)(2)

Piggy-backing on its argument that Tompkins' opinions lack sufficient foundation to render them reliable and that his methodology is inadequate, Gulfstream argues that Tompkins fails to conform to the Rule 26(a)(2) requirement that his reports be "sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced."[14]  In a jury case, the "weaknesses in his report and inconsistencies between his deposition testimony … and his affidavit on this issue," as noted by Judge deGravelles,[15] may warrant a different outcome, the Court finds that in the context of a bench trial, exclusion is not warranted.

## V. CONCLUSION

Accordingly, for the reasons assigned above, Gulfstream's Motion *in Limine*[16] is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 1st day of February, 2021.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[14] Rec. Doc. 69-1, pp. 18-19 (citations omitted).
[15] Civil Action 17cv00597-JWD-SJD, Rec Doc 218, p. 31.
[16] Rec. Doc. 69.